**IN THE COURT OF APPEALS OF IOWA**

No. 14-0188
Filed November 26, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CORLANDIS CHESTER,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Johnson County, Douglas S. Russell, Judge.

Corlandis Chester appeals his conviction for robbery in the second degree, in violation of Iowa Code sections 711.1 and 711.3 (2013). **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Katie Fiala, Assistant Attorney General, Janet M. Lyness, County Attorney, and Naeda Erickson, Assistant County Attorney, for appellee.

Considered by Vogel, P.J., and Vaitheswaran and Potterfield, JJ.

**VOGEL, P.J.**

Corlandis Chester appeals his conviction for robbery in the second degree, in violation of Iowa Code sections 711.1 and 711.3 (2013). Chester asserts trial counsel was ineffective for failing to state particularized reasons in his motion for a "directed judgment of acquittal," specifically the elements the State had failed to prove. Because we conclude sufficient evidence supports each element of the crime, trial counsel was not ineffective for failing to argue more specifically which elements were not shown. Consequently, we affirm Chester's conviction.

At trial, the victim testified to the following facts. On August 23, 2013, Shukuru Ngenda—also known as Patrick—stopped to speak to a woman outside an apartment complex, Twanna Christian.[1] Ngenda requested that Christian take him to find someone who could braid his sister's hair. Ngenda followed Christian to an area behind the apartment complex, at which point Christian began to ignore him. Three other men—one of whom was Chester—and two additional women were there. Ngenda told Christian he was going to leave, at which point she asked for $10. Ngenda took out his wallet and gave her the money.

As Ngenda was leaving, Chester and another man followed him. They attacked Ngenda, hitting him in the face, and stole his wallet. Ngenda suffered a broken nose and injury to his eye. Though he stated he did not remember all of the attack, he testified he felt "a lot of blows." He further identified Chester as his

---

[1] Ngenda stated he did not know her name, but she testified at trial, and so we will refer to her by name.

assailant. He stated he had not been drinking, did not know anything about giving Christian money to buy marijuana, and that he thought the $10 was for Christian showing him where to get his sister's hair braided.

Christian also testified. She confirmed most of Ngenda's story, stating Chester punched Ngenda, pulled down his pants, and took his wallet, after which he ran away. However, some facts differed from Ngenda's testimony. Christian stated she was sitting outside the apartment complex drinking vodka with a friend. Ngenda pulled up and asked what they were doing, took the friend home, and returned with beer. A man who goes by the name of "Bud" arrived, after which they went around to the back of the complex to speak with another group, which consisted of Chester, two Caucasian females, and another young black man. Bud and Chester asked Ngenda for money to buy marijuana, and Ngenda gave one of them $10, after which Bud "jumped" Ngenda, Chester punched him, then Chester pulled down his pants and grabbed his wallet. Bud continued to beat Ngenda and Chester ran away with the wallet.

Harlei Wingett, another woman who was present, testified she was inside the apartment complex when the attack happened, so she did not see it occur. She further stated after she came out of the apartment she saw Ngenda running away and that he was bloody. She also testified that though Chester was present, she never saw him with a wallet and he was there when she came out of the apartment. Brianna Wilmoth, who was also present at the time of the attack, did not appear at trial; however, Detective Andrew Rich testified she told him Chester did not hit Ngenda, but he had received Ngenda's wallet from Bud and the two fled the scene.

Chester was charged with robbery in the second degree, in violation of Iowa Code sections 711.1, 711.3, and 703.1. A jury trial was held, and the jury returned a verdict of guilty on December 5, 2013. Trial counsel moved for a "directed judgment of acquittal" at the close of the State's evidence then again after the close of all the evidence. After denying the motion, the district court sentenced Chester to a term of incarceration not to exceed ten years. Chester appeals, asserting trial counsel should have argued which elements the State failed to prove in the motion for judgment of acquittal, specifically, that counsel should have asserted there was insufficient evidence showing it was Chester who assaulted Ngenda due to the witnesses' conflicting testimony.

A defendant may raise an ineffective-assistance claim on direct appeal if the record is adequate to address the claim. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). We may either decide the record is adequate and issue a ruling on the merits, or we may choose to preserve the claim for postconviction proceedings. *Id.* We review ineffective-assistance-of-counsel claims de novo. *Id.* To succeed on this claim, the defendant must show, first, that counsel breached an essential duty, and, second, that he was prejudiced by counsel's failure. *Id.* If the defendant's ineffective-assistance claim lacks prejudice, we may decide the claim on that ground alone. *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). We further note a jury's finding of guilt survives a challenge to the sufficiency of the evidence when the verdict is supported by substantial evidence. *State v. Johnson*, 770 N.W.2d 814, 819 (Iowa 2009).

To satisfy the elements of robbery in the second degree, the State was required to show Chester had the intent to commit a theft and committed an

assault on Ngenda to further the commission of the theft or his escape.[2]  *See Iowa Code § 711.1(1)–(3).*  Though Chester argues the inconsistency of the witnesses' testimony demonstrates the State failed to prove Chester assaulted Ngenda, credibility determinations are within the province of the jury.  *See State v. Thornton*, 498 N.W.2d 670, 673 (Iowa 1993).  Furthermore, though the versions of events differ somewhat, substantial evidence supports the jury's conclusion Chester assaulted Ngenda and made off with his wallet, given both Christian's and Ngenda's testimony indicates Chester assaulted Ngenda.  *See Johnson*, 770 N.W.2d at 819.  Additionally, two other witnesses placed Chester at the scene, and one stated he had Ngenda's wallet.  Based on this evidence, the record shows sufficient facts supporting each element of the offense, and Chester cannot show he was prejudiced but for counsel's failure to state with more specificity the grounds for his motion for judgment of acquittal.  *See Ledezma*, 626 N.W.2d at 142.  Consequently, we affirm Chester's conviction.

**AFFIRMED.**

---

[2] Because there were two attackers, the jury also received instructions on aiding and abetting, as charged under Iowa Code section 703.1.